**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY<br>1411 K St., NW, Suite 1300<br>Washington, D.C. 20005,<br><br>     *Plaintiff*,<br><br>  v.<br><br>U.S. DEPARTMENT OF THE TREASURY<br>1500 Pennsylvania Avenue, NW<br>Washington, D.C. 20220,<br><br>     *Defendant*. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY**<br>**AND INJUNCTIVE RELIEF**<br><br>**(Freedom of Information Act, 5 U.S.C. § 552)** |

**INTRODUCTION**

1. In this action brought under the Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA"), the Center for Biological Diversity ("Center")—an environmental conservation organization that works to prevent the extinction of wild species and protect their habitats—challenges the U.S. Department of the Treasury's ("Treasury") violations of FOIA resulting from the Treasury's failure to conduct adequate searches and to provide records in response to the Center's FOIA request seeking copies of applications from the fossil fuel companies, including those that work in oil, natural gas, or coal, and/or mining companies that have requested assistance pursuant to Title IV – Economic Stabilization and Assistance to Severely Distressed Sectors of the United States Economy – of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). P.L. 116-136, div. A, tit. IV.

2. In addition to providing funding as a result of the coronavirus disease 2019 ("COVID-19"), the CARES Act contained oversight provisions including requiring the executive branch to consult with Congress on the selection of certain members on the newly formed Pandemic Response Accountability Committee and requiring the new Special Inspector General

for Pandemic Recovery ("SIGPR"), within the Department of the Treasury, to provide reports to

Congress if other government agencies refused a request for information from the SIGPR. *Id.*

div. A, § 4018(e)(4)(B).

3.      On March 27, 2020, when President Donald J. Trump signed the CARES Act into

law, the President included a signing statement, which stated that these provisions and others

"raise constitutional concerns," that some provisions were "hortatory but not mandatory" and

other provisions were "impermissible forms of congressional aggrandizement." Presidential

Statement on Signing the Coronavirus Aid, Relief, and Economic Security Act, Daily Comp.

Pres. Docs., 2020 DCPD No. 202000194 at 1 (Mar. 27, 2020).

4.      As of the filing of this complaint, the Treasury has failed to produce any records

responsive to the Center's FOIA request.

5.      Prompt access to these records is necessary to effectuate FOIA's purpose of

transparency. Thus, the Center seeks from the Court declaratory relief establishing that the

Treasury has violated FOIA and injunctive relief directing the Treasury to conduct an adequate

search that uses the date of the search as the cut-off date and to release any improperly withheld

records, including all reasonably segregable portions of any lawfully exempt records, without

any further delay.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

7.      Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C.

§1391(e).

8.  Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202. Declaratory relief is appropriate under 28 U.S.C. § 2201.

## PARTIES

9.  Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with offices throughout the United States. The Center has more than 74,000 members. The Center and its members are harmed by the Treasury's violations of FOIA, as such violations preclude the Center from gaining a full understanding of the fossil fuel companies that have requested assistance under the CARES Act. The Treasury's failure to comply with FOIA harms the Center's ability to provide full, accurate and current information to the public on a matter of public interest. Absent this information, the Center cannot advance its mission to protect native species and their habitat.

10.  Defendant U.S. DEPARTMENT OF THE TREASURY is a cabinet-level agency within the executive branch of the U.S. government. The Treasury is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f). The Treasury is a federal agency responsible for applying and implementing the federal laws and regulations at issue in this complaint.

## STATUTORY BACKGROUND

11.  FOIA's basic purpose is for government transparency. FOIA requires federal agencies to release requested records to the public unless one or more specific statutory exemptions applies. 5 U.S.C. § 552(b)(1)-(9).

12.  Within 20 working days of receiving a FOIA request, an agency must determine if it will release requested records and notify the requester of its determination and the reasons

therefor, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination. *Id*. § 552(a)(6)(A)(i).

13.     Only in "unusual circumstances" may an agency extend the time to make a final determination by no more than 10 additional working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched." *Id*. § 552(a)(6)(B)(i). If the agency provides written notice that the request cannot be processed within the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request" and shall make available its FOIA Public Liaison to "assist in the resolution of any disputes between the requester and the agency." *Id*. § 552(a)(6)(B)(ii).

14.     FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. *Id*. § 552(a)(3)(C)-(D). Using the date of a FOIA request as the cut-off date for its search is not always reasonable, while using the date that the agency commences its search has consistently been found to be reasonable.

15.     FOIA requires federal agencies to promptly disclose requested records. *Id*. § 552(a)(3)(A), (a)(6)(C)(i).

16.     In certain limited instances, records may be withheld pursuant to nine specific exemptions. *Id*. § 552(b). These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

17.     FOIA places the burden on the agency to prove that it may withhold responsive

records from a requester. *Id*. § 552(a)(4)(B).

18.     FOIA provides this Court jurisdiction "to enjoin the agency from withholding

agency records and to order the production of any agency records improperly withheld from the

complainant." *Id*. § 552(a)(4)(B).

## FACTUAL BACKGROUND

### Background to the FOIA Request

19.     On March 27, 2020, President Donald J. Trump signed the Coronavirus Aid,

Relief, and Economic Security Act ("CARES Act") into law, which included numerous

provisions to support workers and stabilize the economy, including Title IV – Economic

Stabilization and Assistance to Severely Distressed Sectors of the United States Economy

("Coronavirus Economic Stabilization Act of 2020"). P.L. 116-136, div. A, tit. IV.

20.     The Coronavirus Economic Stabilization Act of 2020 provided $454,000,000,000

in aggregate of liquidity to eligible businesses that sustained losses as a result of the COVID-19

and granted the Secretary of the Treasury to make loans, loan guarantees, and other investments

established by the Board of Governors of the Federal Reserve System to support these

businesses. *Id*. § 4003.

21.     The Coronavirus Economic Stabilization Act of 2020 created the Special

Inspector General for Pandemic Recovery ("SIGPR") within the Department of the Treasury. *Id*.

§ 4018. The SIGPR may request information from any agency and if that request is refused by an

agency, the SIGPR shall report that refusal to Congress "without delay." *Id*. § 4018(e)(4)(B).

22.     When President Donald J. Trump signed the CARES Act into law, the President

included a signing statement, which stated certain provisions in the CARES Act "raise

constitutional concerns," that some provisions were "hortatory but not mandatory" and other provisions were "impermissible forms of congressional aggrandizement." Presidential Statement on Signing the Coronavirus Aid, Relief, and Economic Security Act, Daily Comp. Pres. Docs., 2020 DCPD No. 202000194 at 1 (Mar. 27, 2020) (hereinafter "Signing Statement").

23.     The Signing Statement stated that with regards to section 4018(e)(4)(B) of the CARES Act, the "Administration will not treat, this provision as permitting the SIGPR to issue reports to the Congress without the presidential supervision required by the Take Care Clause, Article II, section 3." *Id*.

24.     While Congress was explicit with this oversight provision in the CARES Act to address COVID-19, the Signing Statement makes it clear that the Administration plans to flout its legal duties.

## FOIA Request: DOT 2020-04-015 (Treasury)

25.     On April 6, 2020, the Center submitted a FOIA request to the Treasury's FOIA e-mail address, treasFOIA@treasury.gov. In that request, the Center sought

> copies of applications from the fossil fuel companies, including those that work in oil, natural gas or coal, and/or mining companies (including those classified in Sector 21 of the North American Industry Classification System ("NAICS")) that have requested assistance pursuant to Title IV – Economic Stabilization and Assistance to Severely Distressed Sectors of the United States Economy – of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), including but not limited to:
>
> 1. Aera Enegery, LLC;
> 2. Aethon United BR LP;
> 3. Allenco Energy;
> 4. Anadarko E&P Onshore LLC;
> 5. Anschutz Exploration Corp;
> 6. Arch Coal, Inc.;
> 7. Azalea Oil Company LLC;
> 8. Baker Hughes;
> 9. Ballard Petroleum Holdings LLC;

10. Barrick Gold of North America;
11. Baseline Minerals Incorporated;
12. Berry Petroleum Company;
13. Black Oak ENE LLC;
14. BP America Production Company;
15. BP Energy Company;
16. Caerus Piceance LLC;
17. California Resources Corporation;
18. Chase Oil Corporation;
19. Chesapeake Energy;
20. Chevron Corporation;
21. Citadel Exploration ("COIL");
22. Cloud Peak Energy;
23. CNOOC Energy USA LLC;
24. COG Operating LLC;
25. Continental Resources Inc.;
26. ConocoPhillips;
27. CNX Resources;
28. Crimson Pipeline;
29. Devon Energy Corporation;
30. Diamond Resources Company;
31. Duke Energy Corporation;
32. E & B Natural Resources Management;
33. Eagle Petroleum, LLC;
34. Energy Fuels Resources, Inc.;
35. Energy Transfer Partners;
36. Enterprise Products;
37. EOG Resources Inc.;
38. Exxon Mobil Corporation;
39. Formosa Plastics USA;
40. Freeport-McMoRan Oil & Gas;
41. Halliburton Energy Services;
42. Hathaway LLC;
43. Highlands Montana Corporation;
44. Hilcorp Energy;
45. Hoover & Stacy Inc.;
46. Hudbay Minerals Inc.;
47. Irani Engineering;
48. Jonas Energy LLC;
49. Kirkwood Oil & Gas LLC;
50. Koch Exploration Company LLC;
51. Liberty Petroleum Corporation;
52. Linn Energy;
53. Long Beach Gas & Oil;
54. Pacific Gas & Electric Company;
55. Peabody Energy;

56. Pebble Partnership Limited;
57. Phillips 66;
58. Plains Energy;
59. PolyMet Mining Corporation;
60. Macpherson Energy Corporation;
61. Magnum Producing LP;
62. Marathon Petroleum;
63. Martin Fuels Co Inc.;
64. Mountain Coal;
65. Murfin Drilling Co Inc.;
66. Murray Energy;
67. Northwoods Land Inc.;
68. Occidental Petroleum Corporation;
69. Peabody Energy;
70. Petro-Hunt LLC;
71. R & R Royalty LTD;
72. Robert L. Bayless Producer LLC;
73. Rockies Standard Oil Company LLC;
74. Samson Resources Company;
75. Schulmberger Technology Corporation;
76. Sentinel Peak Resources;
77. Southern California Edison;
78. Southland Royalty LLC;
79. Transocean;
80. Thunder Basin Resources LLC;
81. Trio Petroleum LCC;
82. Twin Metals Minnesota;
83. Ur-Energy USA, Inc.;
84. Valero Energy;
85. Valley Water Management Company[;]
86. Vaquero Energy Inc.;
87. Warren E&P Inc.;
88. Wem Dragon LLC;
89. White Philip LP;
90. Whiting Petroleum; and
91. XTO Holdings LLC.

26.     On April 6, 2020, the Treasury sent the Center via electronic mail an automated

message acknowledging receipt of the FOIA request.

27.     On April 30, 2020, the Treasury sent the Center via electronic mail an

acknowledgment letter assigning the FOIA request tracking number 2020-04-015.

28.     On May 5, 2020, after receiving no further communications from the Treasury, the Center sent a letter notifying the Treasury that it had violated FOIA by failing to make a final determination on the Center's FOIA request within FOIA's statutory deadline and offering to assist in any way.

29.     As of the date of this complaint, which is 11 workdays after the 20-workday determination deadline of May 4, 2020, the Center has received no records and no additional communications from the Treasury regarding the Center's FOIA request.

30.     In connection with the Center's FOIA request, the Treasury has not requested additional information from the Center or notified the Center of any "unusual circumstances" that prevent it from complying with FOIA's deadline for a determination. *Id*. § 552(a)(6)(A)-(B).

31.     The Treasury's failure to conduct an adequate search for responsive records and failure to provide all responsive records to the Center undermine FOIA's primary purpose of transparency and openness in government.

32.     The Center has been required to expend resources to prosecute this action.

### CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Failure to Conduct Adequate Searches

33.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

34.     The Center has a statutory right to have the Treasury process its FOIA request in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

35.     The Treasury violated the Center's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the Center's FOIA request.

36.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Treasury in the foreseeable future.

37.     The Center's organizational activities will be adversely affected if the Treasury continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA request.

38.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Treasury will continue to violate the Center's rights to receive public records under FOIA.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Failure to Promptly Disclose Responsive Records

39.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

40.     The Treasury violated FOIA and the Treasury's implementing regulations for FOIA by failing to promptly disclose records that are responsive to the Center's FOIA request.

41.     None of FOIA's statutory exemptions apply to the records that the Center seeks.

42.     The Center has a statutory right to the records it seeks.

43.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Treasury in the foreseeable future.

44.     The Center's organizational activities will be adversely affected if the Treasury continues to violate FOIA's disclosure provisions as it has in this case.

45.     Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, the Treasury will continue to violate Plaintiff's rights to receive public records under FOIA.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Failure to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records

46.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

47.     The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions. 5 U.S.C. § 552(b).

48.     The Treasury violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the Center's FOIA request.

49.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Treasury in the foreseeable future.

50.     The Center's organizational activities will be adversely affected if the Treasury is allowed to continue violating FOIA's disclosure provisions as it has in this case.

51.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Treasury will continue to violate the Center's rights to receive public records under FOIA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1.      Order Defendant to conduct a search that is reasonably calculated to locate all records responsive to each of Plaintiff's FOIA requests, with the cut-off date for such search being the date the search is conducted, and to provide Plaintiff with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

2.      Declare that Defendant's failure to undertake a search that is reasonably calculated to locate all records that are responsive to Plaintiff's FOIA requests, as alleged above, is unlawful under FOIA, U.S.C. § 552(a)(6)(A)(i).

3.      Declare that Defendant's failure to disclose the requested records to Plaintiff is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

4.      Declare that Defendant's failure to provide Plaintiff with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption, as alleged above, is unlawful under FOIA, U.S.C. § 552(a)(7)(b).

5.      Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

6.      Grant such other and further relief as the Court may deem just and proper.

DATED: May 19, 2020                                Respectfully submitted,

*/s/ William J. Snape, III*
William J. Snape, III (D.C. Bar No. 455266)
Paulo A. Lopes (D.C. Bar No. 1012910)
Center for Biological Diversity
1411 K Street, NW, Suite 1300
Washington, DC 20005
(202) 536-9351 (cell)
(202) 274-4443 (land)
wsnape@wcl.american.edu
plopes@biologicaldiversity.org

*Attorneys for Plaintiff*